[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-12645

Non-Argument Calendar

_____

REGINA HEIGHT,

Plaintiff-Appellant,

*versus*

SECRETARY, DEPARTMENT OF VETERANS AFFAIRS,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:19-cv-02753-MSS-JSS

_____

2                    Opinion of the Court                    23-12645

Before WILLIAM PRYOR, Chief Judge, and BRASHER and ABUDU, Circuit Judges.

PER CURIAM:

Regina Height appeals *pro se* the summary judgment in favor of the Department of Veterans Affairs and against her complaint of disability discrimination, retaliation, and a hostile work environment. The Department moves for summary affirmance. We grant that motion and affirm.

Summary disposition is appropriate either where time is of the essence, such as "situations where important public policy issues are involved or those where rights delayed are rights denied," or where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where, as is more frequently the case, the appeal is frivolous." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1161, 1162 (5th Cir. 1969).

Summary affirmance is appropriate. Height has abandoned any challenge to the summary judgment entered against her by failing to raise any meaningful argument against it. *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 680 (11th Cir. 2014) ("When an appellant fails to challenge properly on appeal one of the grounds on which the district court based its judgment, [s]he is deemed to have abandoned any challenge of that ground, and it follows that the judgment is due to be affirmed."). The district court ruled that no reasonable jury could find that Height suffered an adverse

employment action due to her disabilities and rejected her argument that the Department failed to provide her with reasonable accommodations. The district court also ruled that Height's claim of retaliation and a hostile work environment lacked support in the record.

Height challenges none of these rulings. Instead, for the first time on appeal, Height argues that the Department's "subordinate employees" lacked the authority to issue executive decisions, including decisions about her employment, on behalf of the Secretary. *See Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1331 (11th Cir. 2004) ("[A]n issue not raised in the district court and raised for the first time in an appeal will not be considered by this court."). Height's brief contains no citation to the record or to any legal authority regarding her claims for relief, nor does her one-page argument provide any explanation of how the district court might have erred. *See Sapuppo*, 739 F.3d at 680; Fed. R. App. P. 28(a)(8)(A). Because Height has forfeited any challenge to any ground for the judgment of the district court, there is no substantial question as to the outcome of the case. The Department's position that we must affirm is correct as a matter of law. *See Groendyke*, 406 F.2d at 1162.

We **GRANT** the motion for summary affirmance and **AFFIRM** the judgment in favor of the Department.